UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN AKINS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No.  4:05CV1322 ERW (FRB) |
| JIM MOORE, | ) ) ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Missouri state prisoner Norman Akins' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On November 16, 2000, Petitioner plead guilty in the Circuit Court of the City of St. Louis, Missouri, to three counts of Sexual Misconduct First Degree, one count of Attempt Escape from Custody, and one count of Assault Third Degree. On that same date, Petitioner was sentenced to three terms of four years' imprisonment and two terms of sixty days' imprisonment, respectively, with such terms of imprisonment ordered to be served concurrently with each other. (Resp. Exh. A at 38-41, 91-105.) On the sixty-day terms of imprisonment, the court ordered that Petitioner be credited for time served. (Id. at 38-41, 103.) With respect to the three four-year

terms of imprisonment, execution of sentence was suspended and Petitioner was placed on probation for a period of two years. (Id. at 42, 102-03.) Petitioner did not appeal his conviction or sentence.

On March 7, 2002, the circuit court received notice from the Missouri Board of Probation and Parole that Petitioner was alleged to have to violated various conditions of his probation, and the court ordered a warrant to issue. (Resp. Exh. A at 43.) On January 17, 2003, following Petitioner's waiver of a probation revocation hearing, the circuit court ordered Petitioner's probation revoked and that the sentence imposed November 16, 2000, be executed. (Id. at 50-60.) On February 19, 2003, Petitioner filed a motion for post-conviction relief pursuant to Mo. S. Ct. R. 24.035, which was denied without a hearing. (Id. at 121-27.) On December 21, 2004, the Missouri Court of Appeals affirmed the denial of post-conviction relief. Akins v. State, 153 S.W.3d 868 (Mo. Ct. App. 2004) (per curiam). Petitioner sought no other relief in state court. The instant petition, signed by Petitioner August 23, 2005, was received and filed by this Court on August 24, 2005.

Petitioner is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises various claims for relief relating to his November 2000 conviction. In response, Respondent requests the Court to dismiss the petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1)

inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition. For the following reasons, Respondent's argument is well taken.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for post-conviction or other collateral review is pending in state court is excluded from this one-year limitations period. 28 U.S.C. § 2244(d)(2).

Petitioner argues that his judgment became final upon the ordered execution of his sentence on January 17, 2003, and that the application of the tolling provision of § 2244(d)(2) renders the instant petition timely filed given the pendency of his motion for post-conviction relief. Petitioner's argument is misplaced. In Missouri, a judgment in a criminal case becomes final for appeal purposes when sentence is entered or imposed. Taylor v. State, 25 S.W.3d 632, 633 (Mo. Ct. App. 2000); State v. Nelson, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). Suspending the execution of the sentence does not affect, change or postpone the finality of judgment. Green v. State, 886 S.W.2d 953, 954 (Mo. Ct. App. 1994). Instead, it

merely suspends the act of executing the sentence imposed. Taylor, 25 S.W.3d at 633. Under Missouri Supreme Court Criminal Procedure Rule 30.01(d), a criminal defendant is to file his notice of appeal "not later than ten days after the judgment or order appealed from becomes final." As such, Petitioner had ten days from November 16, 2000, the date his sentence was imposed, within which to seek direct review of his conviction. Because Petitioner did not seek such direct review, his judgment of conviction became final for purposes of the federal habeas statute on November 26, 2000, the date upon which the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Accordingly, under § 2244(d)(1)(A), Petitioner had not later than November 26, 2001, by which to file an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254. Petitioner did not submit the instant petition for writ of habeas corpus until August 23, 2005,[1] nearly four years after Petitioner's judgment of conviction became final and thus well after the one-year period of limitations expired.

For an application for collateral relief to toll the one-year limitations period under § 2244(d)(2), such application must be filed *prior* to the expiration of the limitations period, regardless of whether state law provides time beyond this federal limitations

---

[1] Applying the prison mailbox rule, Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving Petitioner the benefit of the doubt, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), the undersigned determines the instant petition to have been filed on August 23, 2005, the date Petitioner signed and mailed the petition.

period within which to file such state applications. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003). The tolling provision does not revive a limitations period which has otherwise expired. See Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). To the extent Petitioner argues that the filing of his Rule 24.035 motion triggered the tolling provision of § 2244(d)(2), the undersigned notes that Petitioner did not pursue such remedy until February 2003 – over two years after the expiration of the one-year limitations period for filing a federal habeas petition. Inasmuch as the one-year period within which to file a federal habeas petition had already expired, the filing and subsequent pendency of Petitioner's post-conviction motion in state court does not toll the period of limitations. Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam).

In this cause, Petitioner's judgment of conviction became final on November 26, 2000. According Petitioner the one-year limitations period, the time within which Petitioner could file a federal habeas petition expired November 26, 2001, one year after his judgment of conviction became final. Petitioner's application for collateral relief by way of post-conviction motion was filed in February 2003. Because Petitioner did not seek collateral relief before the expiration of the applicable one-year limitations period under § 2244(d)(1)(A), the tolling provision of § 2244(d)(2) does not apply in this circumstance. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). Accordingly, the petition is untimely filed under

the provisions of § 2241(d)(1)(A).

Petitioner does not argue, nor has he shown, that "extraordinary circumstances" made it impossible for him to timely file the instant petition. As such, equitable tolling is not justified in this cause. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002); Gray, 283 F.3d at 918; Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Norman Akins' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) be dismissed without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _3rd_ day of January, 2006.